Curia, per Butler, J.
A new trial must be granted in this case. The intestate was put on his guard, and had no right to rely on an implied warranty. The plaintiff' in effect, said to him, caveat emptor; for he told him that the negro, Robin, had been exposed to measles; the plain meaning of which was that the plaintiff would not hold himself liable for any consequences from that circumstance, but that the intes: *100 tate must decide for himself, and run the risk. 1 The intestate so understood it, for he bought after making his own enqui-ries, and exercising his own judgment on the subject. He must, therefore, stand to his own determination; and his representative cannot now be permitted to resort to any warranty arising from the mere implication of law; and more especially so, as the intestate did not resist the payment of the note in his lifetime, but seemed to regard himself liable under the terms of his contract. "It is the misfortune of the defendant, that the loss should fall on him, but it certainly is not the plaintiff’s fault. The principle laid down in the case of Hart vs. Edwards, 2 Bail. 306, sustains the. position taken by the plaintiff in this case. It should be the policy of the law to let parties rely more on their own prudence, and less upon the interposition of-courts of justice. Mischief may frequently be prevented or avoided, that cannot be justly remedied. This case furnishes an illustration of the remark. If the intestate had declined to buy, it may have been that the negro would not have died. I do not pretend to say that he died from negligence, but perhaps under the defendant’s treatment he might have lived. The negro was subjected to the treatment of the intestate, and the plaintiff had no control over it. Both may.be innocent parties, but let the loss fall on him who voluntarily encountered all the responsibility.
The motion is granted.